IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RAY CHRIS MOBLEY, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | NO. 5:11-CV-243 (CAR) |
| | : | |
| THOMAS BAILEY; | : | |
| TFC W. STARLING; | : | |
| JASON JONES; | : | |
| JUSTIN SEYMOUR, | : | |
| | : | **ORDER** |
| Defendants | : | |

Plaintiff **RAY CHRIS MOBLEY**, formerly an inmate at the Putnam County Jail in Eatonton, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. ' 1983. Plaintiff also sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. ' 1915(a). In an Order dated August 2, 2011, the Court granted Plaintiff's application to proceed *in forma pauperis* and ordered him to file a Recast Complaint. (ECF No. 5). After requesting and receiving two extensions, Plaintiff has now filed his Recast Complaint.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. ' 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint Awhich seeks redress from a governmental entity or officer or employee of a governmental entity.@ Section 1915A(b) requires a federal court

to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than ¼ a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color

of state law.  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

### *III. STATEMENT AND ANALYSIS OF CLAIMS*

Plaintiff states that on February 22, 2009, "[a]fter a traffic stop by Bailey [and] Starling, Agent Jones and Deputy Seymour were called to search [P]laintiff's truck after it [was] released to [Plaintiff's] girlfriend."  (ECF No. 10 at 6).  According to Plaintiff, three hours after his bond had been posted on February 22, 2009, Agent Jones and TFC Bailey authorized him to be released and asked for his consent to search his truck. Plaintiff apparently refused and "[a] search warrant was initiated."  (ECF No. 10 at 6). Plaintiff states that he consulted an attorney who "advised him to refrain [until] morning."  (ECF No. 10, at 6).  Plaintiff states that when he went to his truck the next morning (February 23, 2009), he discovered a "box of legal files had been stolen from his truck and not reported."  Apparently, Plaintiff alleges that one of the named Defendants confiscated his legal files when they searched his truck.

Plaintiff's action must be dismissed as untimely.  42 U.S.C. § 1983 claims are

controlled by the state limitations statute governing personal injury actions. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Georgia, the statute of limitations for a personal injury claim is two years. All of the actions about which Plaintiff complains arose on February 22 or 23, 2009.1 Plaintiff filed this action on June 23, 2011. Therefore, his claims are clearly time-barred and may not be considered by this Court.

Plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** under 28 U.S.C. § 1915A.2

**SO ORDERED**, this 13th day of October, 2011.

S/   C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

lnb

---

1 **Error! Main Document Only.** Federal law would determine when the statute of limitations started to run. "The statute of limitations accrues 'from the date the facts which would support a cause of action are apparent or should have been apparent to a person with a reasonably prudent regard for his rights'." *Williams v. City of Tampa Police Dep't*, 216 Fed. Appx. 915, 916 (2007)(quoting *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003)). In this case, that date would be February 22 or 23, 2011.

2 When an affirmative defense, such as the expiration of the statute of limitations, appears on the face of a complaint, the Court can dismiss the complaint as frivolous. *See Clark v. Georgia Pardons and Parole Bd.*, 915 F.2d 636, 641 n2 (11th Cir. 1990).